### In re CANDIDATES FOR MEMBER OF ASSEMBLY IN THIRTY-SECOND ASSEMBLY DIST. et al.

(Supreme Court, Appellate Division, First Department. November 2, 1905.)

ELECTIONS—NOMINATIONS—REVIEW BY COURTS.

    Laws 1896, p. 922, c. 909, § 56, provides that questions arising with reference to any certificate of nomination filed pursuant to the provisions of such section shall be determined in the first instance by the

officer with whom such certificate of nomination is filed, and that the Supreme Court or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review the determination and acts of such officer. *Held*, that the power of a judge of the Supreme Court or of the court is limited to a review of the decision of the election board on written objections filed with such board, and in the absence of a showing that the determination was made upon such objections there is nothing to review.

Complaint to review nominations of certain candidates for member of assembly and for alderman. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and LAUGHLIN, JJ.

Daniel F. Cohalan, for appellant.
A. S. Gilbert, for respondent.

PER CURIAM. There is a conflict in the affidavits as to whether any objections were filed with the board of election. It is conceded that no hearing was had or determination made on any objections by the board of election. The power of a judge of the Supreme Court or of the court is limited to a review of a decision of the election board by section 56 of the election law (Laws 1896, p. 922, c. 909). There being no determination made by the board of election on written objections filed as prescribed by the statute, there was nothing for the court or a judge thereof to review.

The order must be affirmed.